IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDREA GARCIA CRUZ, #19294-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv837 |
| | § | CRIMINAL ACTION NO. 4:11cr223(2) |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging constitutional violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On February 24, 2016, this court ordered Movant to file a reply to response as to the timeliness of his motion. As of today's date, Movant has failed to comply. He has failed to prosecute this case. The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Movant has

failed to comply with the court's order; thus, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is recommended that the motion be dismissed without prejudice. Fed. R. Civ. Proc. 41(b); Rule 41, Local Rules for the Eastern District of Texas.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE